IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ERIKA GUTIERREZ,<br><br>   Plaintiff,<br><br>vs.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY d/b/a CIGNA,<br><br>   Defendant. | Cause No. CaseNumber |

## NOTICE OF REMOVAL

COMES NOW Defendant CIGNA HEALTH AND LIFE INSURANCE COMPANY d/b/a CIGNA ("Defendant"), by and through its undersigned attorneys, Hinshaw & Culbertson LLP, and pursuant to 28 U.S.C. §1441 and §1446 invokes this Court's jurisdiction under the provisions of 28 U.S.C. §1331 and §1332, and states the following grounds for removal:

1. On January 27, 2022, Plaintiff filed a Petition in the District Court of Douglas County, Nebraska, Case No. D01C1220000643 (the "State Court Case"). True and accurate copies of all documents filed in the State Court Case are attached hereto and incorporated herein by referenced as **Group Exhibit A**.

2. Process was served upon Defendant on January 31, 2022.

3. Under 28 U.S.C. §1446(b)(1), a notice of removal may be filed within 30 days after receipt by the Defendant of the initial pleading. As such, this Notice of Removal is timely filed under 28 U.S.C. §1446(b).

4. Pursuant to 28 U.S.C. §1446(a), the State Court Case, which was commenced in the Circuit Court for Douglas County, Nebraska, may be removed to this Federal District Court,

being a United States District Court for Nebraska, which embraces Douglas County, Nebraska within its jurisdiction.

5. Attorneys for Plaintiff, Christopher P. Welsh, 9290 West Dodge Road, 204 The Mark, Omaha, Nebraska 68114, cwelsh@welsh-law.com, are hereby notified that the aforementioned case has been removed to the United States District Court for Nebraska.

6. A Notice of Filing of Notice of Removal and a copy of this Notice of Removal are being filed in the District Court, Douglas County, Nebraska, and copies of the same are being mailed to counsel for Plaintiff, pursuant to 28 U.S.C. § 1446. The Notice of Filing of Notice of Removal is attached hereto as **Exhibit B**.

7. This Notice of Removal is being filed pursuant to 28 U.S.C. § 1331, 1332, 1441, and 1446 based upon federal question.

8. The United States District Court for Nebraska has jurisdiction over the Plaintiff's claim due to the fact that the allegations contained in her complaint arise under the Constitution, laws or treaties of the United States. 28 U.S.C. §1331.

9. In her Complaint, Plaintiff alleges she is the mother of dependent decedent, Meisha Gutierrez, who was insured under a Group Term Life Insurance Policy FLX-980465 ("Group Policy"), issued by Life Insurance Company of North America ("LINA").

10. As the insurance policy at issue in this matter was issued by Life Insurance Company of North America, Life Insurance Company of North America is the proper Defendant in this action, not Cigna Health and Life Insurance Company as is currently plead. Cigna Health and Life Insurance Company will be moving to substitute Life Insurance Company of North America into this action following removal.

11. The Complaint further claims that Meisha Gutierrez died and her death satisfied the conditions for payment as defined in the Group Policy, and that life insurance benefits were denied to Plaintiff. Plaintiff seeks payment of benefits under the policy.

12. The Policy was issued in connection with an "employee welfare benefit plan" as that term is defined in the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. §1002(1). An employee welfare benefit plan is defined as "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer …, to the extent that such plan … was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) … benefits in the event of sickness, accident, disability, death or unemployment."

13. The Policy is a group policy issued by LINA to Fiserv Solutions, LLC (Policy Number FLX-980465). The Policy is governed the Employee Retirement Income Security Act of 1974 ("ERISA") thus the plaintiff's state law claims are completely preempted and are governed exclusively by ERISA.

14. Fiserv, Inc. has been filing ERISA Form 5500s for the group life insurance plan since at least 2009, further evidencing that the Policy is governed by ERISA. Fiserv Inc.'s 2020 Form 5500 and Schedule A thereto are attached hereto as **Exhibit C**. The Form 5500 states that the policy at issue is governed by ERISA, Life Insurance Company of North America is the insurance carrier of Group Policy FLX-980465, the name of the plan is the Fiserv, Inc. Benefit Plan and the plan sponsor's name is Fiserv Solutions, LLC. See **Exhibit C** at 56. Additionally, the Fiserv, Inc. Appointment of Claim Fiduciary, which encompasses FLX-980465, states on its face that the Group Policy is governed by ERISA. See Appointment of Claim Fiduciary marked as **Exhibit D**. A complete copy of Group Policy FLX-980465 and Group Life Insurance

Certificate is also attached as **Exhibit E**. The Policy and Certificate further discuss the fact that ERISA governs the policy at issue.

15. Removal is appropriate because Plaintiff's claim relates to a group life insurance policy that is part of an employment welfare benefit plan within the definition of the Employee Retirement Income Security Act of 1974 ("ERISA") and seeks the same relief that is available under Section 502 of ERISA.

16. When a federal statute completely preempts state-law causes of action, a claim within the scope of the preempted causes of action is converted into a claim arising under federal law for purposes of removal jurisdiction. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-208 (2004). ERISA's civil enforcement provision, § 502(a), 29 U.S.C. § 1132(a), has "such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. … Hence, causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court." *Aetna Health*, 542 U.S. at 209 (internal quotation marks omitted).

17. The Eighth Circuit has held that "causes of action within the scope of, or that relate to, the civil enforcement provisions of § 502(a) are removable to federal court despite the fact the claims are couched in terms of state law." *Lyons v. Philip Morris Inc.*, 225 F.3d 909, 912 (8th Cir. 2000) (citing ERISA § 502(a), 29 U.S.C. § 1132(a)) (holding that suit by benefit plan trustees seeking reimbursement from tobacco companies for plan benefits paid to treat beneficiaries' smoking-related illnesses was within scope of § 502(a) and properly removed to federal court). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Lyons*, 225 F.3d at 912.

1048569\310185088.v1

18. Because plaintiff's state-law claims relate to an ERISA plan and fall within the scope of § 502(a), they are completely preempted and subject to removal. *Smith v. Apex Systems, Inc.*, 2008 WL 2568180, *3 (E.D. Mo 2008). *See also Estes v. Fed Express Corp.*, 417 F.3d 870, 872 (8th Cir. 2005); *Hull v. Fallon*, 188 F.3d 939, 943 (8th Cir. 1999) (notwithstanding attempt to characterize claims against health plan administrator as state-law claim for medical malpractice, claims were properly removed to federal court and completely preempted by ERISA because his "claims relate to the administration of benefits" under ERISA plan).

19. Because Plaintiff's claims for benefits arise under an employment benefit plan governed by ERISA, the claim is preempted by ERISA and there exists a federal question arising under the Constitution, laws, or treaties of the United States within the meaning of 28 U.S.C. § 1331. Jurisdiction over any state law claim of Plaintiff is proper pursuant to 28 U.S.C. § 1441. Therefore, this Court has subject matter jurisdiction over this matter pursuant to U.S.C. §§ 1331 and 1441, and removal to the United States District Court is proper.

20. Pursuant to 28 U.S.C. §1446(d), Defendant shall give written notice of this removal to all parties in the state court action and shall file a copy of this Notice of Removal with the clerk of the state court.

21. Removal is effected without waiver of any defenses or challenges to personal jurisdiction and venue.

22. Defendant is filing contemporaneously with this Notice of Removal its Notice to the Plaintiff informing plaintiff of removal.

WHEREFORE Defendant CIGNA HEALTH AND LIFE INSURANCE COMPANY d/b/a CIGNA prays this action be removed in its entirety form the Circuit Court, Douglas

County, Nebraska to the United States District Court for Nebraska and for any other relief the Court deems just and equitable.

By:  /s/ Matthew D. Quandt<br>
Matthew D. Quandt, 26731<br>
ERICKSON | SEDERSTROM, P.C.<br>
10330 Regency Parkway Drive<br>
Omaha, NE 68114<br>
(402) 397-2200<br>
(402) 390-7137 Fax<br>
quandt@eslaw.com<br>
Attorneys for Defendant<br>
CIGNA HEALTH AND LIFE INSURANCE<br>
COMPANY d/b/a CIGNA

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed and served electronically via the Court's ECF system on all parties receiving ECF notices, on this 1st day of March, 2022.

Christopher P. Welsh - #22279  
WELSH &WELSH, P.C., L.L.O.  
9290 West Dodge Road  
204 The Mark  
Omaha, NE 68114  
Phone: 402-384-8160  
cwelsh@welsh-law.corn

                                              /s/ Matthew D. Quandt

1048569\310185088.v1